

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2008

# USA v. Hardy

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1364

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hardy" (2008). *2008 Decisions.* Paper 988.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/988

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1364

———————

UNITED STATES OF AMERICA

vs.

WILLIE C. HARDY

Appellant.

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00308)
District Judge: The Honorable Alan N. Bloch

———————

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2008

BEFORE: SMITH, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed June 23, 2008)

———————

OPINION OF THE COURT

———————

NYGAARD, Circuit Judge.

William Hardy appeals from his sentence, following his guilty plea. Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of conviction and sentence of the District Court.

Hardy received a subpoena to testify before a grand jury. He failed to appear, and provided a fictional excuse for his absence. Hardy pleaded guilty to criminal contempt and making a false statement.

The District Court sentenced him to probation. Hardy was also ordered to cooperate in the collection of a DNA sample, as directed by the probation officer. Hardy did not object to these requirements during the sentence hearing. Hardy, however, did timely file a motion to correct the sentence, in accord with Fed. R. Civ. P. 35(a), asserting that the court-ordered collection of a DNA sample violates both his Fourth Amendment rights and the Commerce Clause. Hardy raises the same issues on appeal.

With regard to Hardy's Fourth Amendment claim, we find that our precedent controls the claim. *United States v. Sczubelek,* 402 F.3d 175 (3d Cir. 2005). We have already found that the DNA Backlog Elimination Act of 2000 (42 U.S.C. §§14135-14135(e)) does not violate the Fourth Amendment. We have also stated in the past that there is "no constitutional difference between probation and parole" as it relates to the Fourth Amendment. *United States v. Hill*, 967 F.2d 902, 909 (3d Cir. 1992). As a

2

probationer, Harvey's expectation of privacy is reduced below that of an ordinary citizen, and such rights were not violated by the requirement that he provide a DNA sample. We find unavailing Hardy's reference to *Samson v. California*, 126 S.Ct. 2193 (2006). *Samson* does not address the DNA Act, and it does not change the analysis already detailed by our precedent.

With regard to the Commerce Clause argument, we note that the Supreme Court has already held that personal information contained in a Department of Motor Vehicles' record is a "thing" in interstate commerce, and that the Commerce Clause authorizes Congress to regulate "the sale *or release* of such information." *Reno v. Condon,* 120 S.Ct. 666, 671 (2000) ( *quoting Lopez,* 115 S. Ct. 1624, 1630 (1995) (emphasis added) . We agree with the reasoning of the Court of Appeals of the Ninth Circuit that the same holds true for information obtained in the DNA Act. *United States v. Reynard*, 473 F.3d. 1008, 1023 (9th Cir. 2007). Therefore we conclude that the personal, identifying information contained in a DNA sample constitutes a "thing" in interstate commerce.

Moreover, as stated by the Court of Appeals for the Tenth Circuit, the DNA Act is a necessary and proper sanction to a valid criminal law. *United States v. Plotts*, 347 F.3d 873, 877 (10th Cir. 2003).

For all of these reasons, we will affirm the Judgment of Conviction and Sentence of the District Court.